UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

EVENCIO HERNANDEZ and MARIO
GALINDO, Individually and on Behalf of
All Other Persons Similarly Situated,

                        Plaintiffs,

          -against-

195 CLAREMONT FOOD INC. d/b/a
COLUMBIA DELI, a New York corporation,

                        Defendant.

--------------------------------------------------------------X



**COMPLAINT AND
JURY DEMAND**

**07 CV 11340**

**JUDGE KAPLAN**

## NATURE OF THE ACTION

1.    Plaintiffs allege, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to unpaid minimum wages from Defendant for hours they worked in which they were not paid the full minimum wage, and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.    Plaintiffs allege that under the New York Labor Law, Art 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), they are (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to unpaid minimum wages from Defendant for hours they worked in which they were not paid the full minimum wage, (iii) liquidated damages equal to twenty-five (25) percent of their unpaid overtime wages and minimum wages; and attorney's fees and costs.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to

28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.    Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

5.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.    Plaintiff Evencio Hernandez, was at all relevant times, an adult individual, residing in New York County.

7.    Plaintiff Mario Galindo, was at all relevant times, an adult individual, residing in New York County.

8.    Upon information and belief, Defendant 195 Claremont Food Inc. d/b/a Columbia Deli is a New York corporation with its principal place of business in New York County.

## COLLECTIVE ACTION ALLEGATIONS

9.    Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since December 15, 2004 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who did not receive compensation for overtime at rates not less than one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

10.    This collective action class is so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants. These

employees are unlikely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

11.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

12.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

13.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

(a)     whether the Defendant employed the Collective Action Members within the meaning of the FSLA;

(b)     what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

(c)     whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;

(d)     whether Defendant failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

(e)     whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

(f)     whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

(g)     whether Defendant should be enjoined from such violations of the FLSA in the future.

14.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF FACTS

15.     At all relevant times, Plaintiff Mario Galindo was employed as a cashier and cook for Defendant.

16.     At all relevant times, Plaintiff Evencio Hernandez was employed as a cashier and cook for Defendant.

17.     Plaintiffs Mario Galindo and Evencio Hernandez were often paid less than the applicable minimum wage for hours they worked.

18.     Plaintiffs often worked in excess of 60 hours a week, yet the Defendant willfully failed to pay Plaintiffs overtime compensation of one and one-half times the applicable minimum wage, in violation of the FLSA and New York Labor Law.

4

19.    Plaintiff Mario Galindo began his employment with Defendant around May 1991 and his employment ended around September 30, 2007.

20.    Plaintiff Evencio Hernandez began his employment with Defendant around July 1987 and his employment ended on August 1, 2007.

21.    Throughout all relevant time periods, upon information and belief, the Defendant failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and New York Labor Law.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

22.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 15 as if they were set forth again herein.

23.    At all relevant times, upon information and belief, Defendant was an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

24.    At all relevant times, Defendant employed Plaintiffs within the meaning of the FLSA.

25.    Upon information and belief, at all relevant times, Defendant had gross revenues in excess of $500,000.

26.    Upon information and belief, Defendant employed two or more employees during the time of Plaintiffs' employment with Defendant.

### FLSA: FAILURE TO PAY OVERTIME

27.    At all relevant times, the Defendant had a policy and practice of refusing to pay

overtime compensation to Plaintiffs for their hours worked in excess of forty hours per workweek.

28.    As a result of the Defendant's willful failure to lawfully compensate Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendant has violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

29.    As a result of the Defendant's failure to record, report, credit and/or compensate Plaintiffs, the Defendant has failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201. *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

30.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## FLSA: UNPAID MINIMUM WAGES

31.    Defendant willfully failed to pay Plaintiffs at the applicable minimum wage, contrary to the requirements of Section 6 of the FLSA (29 U.S.C. §206).

32.    Due to the Defendant's FLSA violations, Plaintiffs are entitled to recover from the Defendant their unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

33.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 32 as if they were set forth again herein.

34.    At all relevant times, Plaintiffs were employed by the Defendant within the meaning

of the New York Labor Law, §§ 2 and 651.

35.    At all times relevant to this action, the state minimum wage was $5.15; $6.00 beginning January 1, 2005; $6.75 beginning January 1, 2006, and $7.15 per hour, beginning January 1, 2007, as codified by N.Y. Labor Law § 652(1).

36.    Defendant willfully violated Plaintiffs' rights by failing to pay them the applicable minimum wages for each hour Plaintiffs worked, in violation of New York Labor Law § 592(1).

37.    Defendant willfully violated Plaintiffs' rights by failing to pay them overtime compensation at a rate not less than one and one-half times the applicable minimum wage for each hour worked in excess of 40 hours per workweek.

38.    Due to the Defendant's New York Labor Law violations, Plaintiffs are entitled to recover from Defendant their unpaid overtime compensation, damages for unreasonably delayed payment of wages, interest, reasonable attorney's fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs on behalf of themselves and all other similarly situated, Collective Action Members, respectfully request that this Court grant the following relief:

(a)    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FSLA Opt-In-Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and Plaintiffs' counsel to represent the Collective Action Members.

(b)     A declaratory judgment that the practices complained of herein are unlawful
        under the FLSA and the New York Labor Law;

(c)     An injunction against the Defendant and its officers, agents, successors,
        employees, representatives and any and all persons acting in concert with them, as
        provided by law, from engaging in each of the unlawful practices, policies and
        patterns set forth herein;

(d)     An award of unpaid overtime compensation and spread of hours pay due under
        the FLSA and the New York Labor Law;

(e)     An award of liquidated and/or punitive damages as a result of the Defendant's
        willful failure to pay overtime compensation  pursuant to 29 U.S.C. § 216 and
        New York Labor Law § 663(1);

(f)     An award of prejudgment and post judgment interest;

(g)     An award of costs and expenses of this action together with reasonable attorney's
        and expert fees; and

(h)     Such other and further relief as this Court deems just and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a
trial by jury on all questions of fact raised by the complaint.


Dated:    New York, New York
          December 12, 2007

                                    By: _____
                                        Justin A. Zeller (JZ 7094)

8

Justin A. Zeller (JZ 7094)
THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
251 West 14 Street, 5 Floor
New York, New York 10011
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
Email: jazeller@zellerlegal.com

## NOTICE OF CONSENT TO JOIN

The undersigned, _____ ___ _____, hereby consents, pursuant to 29 U.S.C.

§216(b) to become a party plaintiff in this action

_____ _____
DATE

_____ _____
CLIENT SIGNATURE

NOTICE OF CONSENT TO JOIN

The undersigned, _____ _____, hereby consents, pursuant to 29 U.S.C.

§216(b) to become a party plaintiff in this action.

_____
DATE

_____
CLIENT SIGNATURE